IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| LUBERT-ADLER GROUP III, LLC : | |
| TRADING AS LUBERT-ADLER GROUP : | CIVIL ACTION |
| III, L.P. TRADING AS LUBERT-ADLER : | |
| REAL ESTATE FUND III, L.P. and : | NO. |
| LUBERT-ADLER GROUP III, LLC : | |
| TRADING AS LUBERT-ADLER GROUP : | |
| III, L.P. TRADING AS LUBERT-ADLER : | |
| REAL ESTATE PARALLEL FUND III, : | |
| L.P., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| NEW CASTLE HOTELS LLC, : | |
| : | |
| Defendant. : | |
| : | |

_____

**NOTICE PURSUANT TO 42 PA C.S.A. §2737.1**

TO THE DEFENDANT:

If you have been incorrectly identified in the attached pleading or if there exists any other legal basis to have the judgment evidenced by the attached documents stricken, you may seek relief from the judgment pursuant to Fed. R. Civ. P. 60(b). Any such motion must be filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania at the United States Courthouse, 601 Market Street, Philadelphia, PA 19106. The filing procedures for the United States District Court for the Eastern District of Pennsylvania are governed by Local Rule of Civil Procedure 7.1.

In the event you are incorrectly identified in this action and you obtain an order striking the judgment, you will be entitled to recover the costs and reasonable attorney's fees incurred by you in securing the order.

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP


By:_____
Jeffrey D. Kurtzman, Esquire
Pina S. Wertzberger, Esquire
260 S. Broad Street
Philadelphia, PA 19102
(215) 568-6060

Attorneys for Plaintiffs

Dated:  June ___, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

LUBERT-ADLER GROUP III, LLC          :
TRADING AS LUBERT-ADLER GROUP  :     CIVIL ACTION
III, L.P. TRADING AS LUBERT-ADLER   :
REAL ESTATE FUND III, L.P. and       :     NO.
LUBERT-ADLER GROUP III, LLC          :
TRADING AS LUBERT-ADLER GROUP  :
III, L.P. TRADING AS LUBERT-ADLER   :
REAL ESTATE PARALLEL FUND III,       :
L.P.,                                              :
                                                       :
                Plaintiffs,                      :
                                                       :
        v.                                          :
                                                       :
NEW CASTLE HOTELS LLC,            :
                                                       :
                Defendant.                     :
_____ :

## COMPLAINT IN CONFESSION OF JUDGMENT

Plaintiffs, Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Fund III, L.P. and Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Parallel Fund III, L.P., by and through their attorneys, Klehr, Harrison, Harvey, Branzburg & Ellers LLP, by way of Complaint in Confession of Judgment against the defendant, New Castle Hotels LLC, avers and represents as follows:

## NATURE OF ACTION

1.      This is an action to confess judgment for damages arising out of a breach of contract by New Castle Hotels LLC as described herein.

**PARTIES**

2.      Plaintiffs are Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Fund III, L.P. and Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Parallel Fund III, L.P. (collectively, "Lubert-Adler"), each a Delaware limited partnership maintaining a place of business at 435 Devon Park Drive, Building 500, Wayne, Pennsylvania 19087.

3.      Defendant is New Castle Hotels LLC ("New Castle"), a Connecticut limited liability company maintaining a place of business at Two Corporate Drive, Shelton, Connecticut 06484.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, as plaintiff is a citizen of the State of Delaware and defendant is a citizen of the State of Connecticut, and the amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs.

5.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) in that the transaction giving rise to the claim at issue occurred in this judicial district.

**BACKGROUND**

6.      On February 8, 2001, New Castle and Lubert-Adler entered into that certain Note Purchase Agreement (the "Agreement") whereby New Castle agreed to issue and sell to Lubert-Adler a 10% Convertible Redeemable Note, also dated February 8, 2001 (the "Note" and together with the Agreement, the "Instruments"), for a purchase price of Two Million Five Hundred Thousand ($2,500,000.00) Dollars.  True and correct copies of the Agreement and the Note (authorizing the entry of judgment by confession against New Castle) are attached hereto and incorporated herein by reference as Exhibits "A" and "B" respectively.

2

7.     Pursuant to the terms of the Note, New Castle, for value received, promised to pay to Lubert-Adler, or its assigns, on February 8, 2006 (the "Maturity Date") the principal amount of $2,500,000.00 (the "Indebtedness").

8.     The Note further provides that on the sixty-first (61st) day following the Maturity Date, if the Note remained outstanding, the Indebtedness could be converted to Class B membership interest in New Castle (the "Conversion Date").

9.     The Note further provides that New Castle shall pay interest computed on the basis of the actual number of days elapsed in a 365 day year on the unpaid principal amount at the rate of ten (10%) percent per annum.

10.    The Note further provides that New Castle shall pay interest on the unpaid principal amount of the Note monthly in arrears until the earlier of the Maturity Date or the Conversion Date.

11.    The Note includes a warrant of attorney to confess judgment.  See, Exhibit "B".

12.    The Note incorporates the events of default set forth in the Agreement.  See, Exhibit "B".

13.    The Agreement defines an event of default as, inter alia, "[t]he occurrence of a material default following the expiration of any applicable cure period, if any, in any material obligation of [New Castle]".  See, Exhibit "A".

14.    New Castle is in default under the terms of the Agreement because of, inter alia, an occurrence of a material default by New Castle of a material obligation of New Castle, following the expiration of any applicable cure period.

15.    This default under the terms of the Agreement also constitutes an event of default under the Note.

16.    The Note authorizes the collection of Lubert-Adler's attorney's fees and costs from New Castle for any default thereunder

## FIRST COUNT

17.    Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs as though those allegations were set forth fully and at length.

18.    New Castle is in default under the terms of the Agreement and the Note due to, inter alia, New Castle's material default of a material obligation after the expiration of any applicable cure period.

19.    Pursuant to the terms of the Note, as a result of the default by New Castle, Lubert-Adler has accelerated the sums due under the Note and has declared all said sums immediately due and payable (the "Acceleration").

20.    As a result of its default and the Acceleration, New Castle is liable, pursuant to the terms of the Note, for the full and immediate payment of all sums due and owing by New Castle under the Note, which, as of June 7, 2002, equaled $2,831,506.85, comprised as follows:

| | |
|---|---|
| Principal | $2,500,000.00 |
| Total Accrued Interest (as of 6/7/02) | $   331,506.85 |
| **TOTAL** | **$2,831,506.85** |

Interest continues to accrue from and after June 7, 2002 at the per diem rate of $684.93.  New Castle is also responsible for payment of all Lubert-Adler's legal fees and costs, which will be fixed upon application to the Court.

21.    Lubert-Adler has provided notice to New Castle of the default pursuant to the terms of the Note.  A true and correct copy of the notice is attached hereto and incorporated herein by reference as Exhibit "C".

4

22.    The Note and the Agreement have not been assigned, and Lubert-Adler is the current holder thereof.

23.    Judgment has not been entered on the Note in this or any other jurisdiction.

24.    Judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

25.    No conditions precedent to the entry of judgment against New Castle remain unperformed.

WHEREFORE, plaintiff, Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Fund III, L.P. and Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Parallel Fund III, L.P., demands judgment in its favor and against defendant, New Castle Hotels LLC, in the total amount of $2,831,506.85, plus interest from and after June 7, 2002, at the per diem rate of $684.93, plus reasonable attorneys' fees and costs in an amount to be fixed upon application to the Court.

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP


Dated: June ____, 2002            BY:_____
                                        Jeffrey D. Kurtzman, Esquire
                                        Pina S. Wertzberger, Esquire
                                        260 S. Broad Street
                                        Philadelphia, PA  19102
                                        (215) 568-6060

                                        Attorneys for Plaintiffs

PHIL1: 460902-1

## VERIFICATION

I, Howard E. Lubert, hereby verify that I am a vice president for each of the plaintiffs herein; and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements contained therein are subject to the penalties for unsworn falsifications set forth in P.S. § 4904.

_____
Howard E. Lubert
Vice President of Lubert-Adler Group III, LLC
trading as Lubert-Adler Group III, L.P. trading as
Lubert-Adler Real Estate Fund III, L.P. and Lubert-
Adler Group III, LLC trading as Lubert-Adler
Group III, L.P. trading as Lubert-Adler Real Estate
Parallel Fund III, L.P.

Dated:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUBERT-ADLER GROUP III, LLC                  :
TRADING AS LUBERT-ADLER GROUP   :      CIVIL ACTION
III, L.P. TRADING AS LUBERT-ADLER        :
REAL ESTATE FUND III, L.P. and               :      NO.
LUBERT-ADLER GROUP III, LLC                  :
TRADING AS LUBERT-ADLER GROUP   :
III, L.P. TRADING AS LUBERT-ADLER        :
REAL ESTATE PARALLEL FUND III,             :
L.P.,                                                                  :
                                                                         :
                    Plaintiffs,                                :
                                                                         :
           v.                                                       :
                                                                         :
NEW CASTLE HOTELS LLC,                         :
                                                                         :
                    Defendant.                                :
                                                                         :

## JUDGMENT BY CONFESSION

AND NOW, to wit, this _____ day of _____, 2002, a Complaint in Confession of Judgment having been filed and an Affidavit as to the amount due having been filed;

JUDGMENT IS HEREBY ENTERED on the aforesaid complaint in favor of plaintiffs, Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Fund III, L.P. and Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Parallel Fund III, L.P. and against the defendant, New Castle Hotels LLC, in the amount of $2,831,506.85, plus interest from and after June 7, 2002 at the per diem rate of $684.93, plus attorneys' fees and other costs of collection, which amounts

will be fixed upon application to the Court.

BY: _____

MICHAEL E. KUNZ
CLERK OF COURT

_____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

LUBERT-ADLER GROUP III, LLC :
TRADING AS LUBERT-ADLER GROUP :    CIVIL ACTION
III, L.P. TRADING AS LUBERT-ADLER :
REAL ESTATE FUND III, L.P. and :    NO.
LUBERT-ADLER GROUP III, LLC :
TRADING AS LUBERT-ADLER GROUP :
III, L.P. TRADING AS LUBERT-ADLER :
REAL ESTATE PARALLEL FUND III, :
L.P., :
                     :
         Plaintiffs, :
                     :
      v. :
                     :
NEW CASTLE HOTELS LLC, :
                     :
        Defendant. :
                     :
_____

## **AFFIDAVIT**

COMMONWEALTH OF PENNSYLVANIA          :
                                          :  SS.
COUNTY OF CHESTER                            :

     Howard E. Lubert, being first duly sworn upon his oath according to law, deposes and says:

     1.     I am the Vice President of Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Fund III, L.P. and Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Parallel Fund III, L.P., ("Plaintiff"), the plaintiffs herein, and I am authorized to make this affidavit on its behalf.

     2.     The instruments attached as exhibits to the Complaint in Confession of Judgment filed in this matter are true and correct copies of the original instruments.

3.      The defendant, New Castle Hotels LLC ("Defendant"), is in default of its obligations under the instruments attached as exhibits "A" and "B" to the Complaint in Confession of Judgment as more fully set forth in the Complaint in Confession of Judgment.

4.      By reason of the Defendant's default under the aforementioned exhibits there is now due and owing to Plaintiff from Defendant, as of June 7, 2002, the sum of $2,831,506.85, comprised as follows:

| | |
|---|---|
| Principal | $2,500,000.00 |
| Total Accrued Interest (as of 6/7/02) | $  331,506.85 |
| **TOTAL** | **$2,831,506.85** |

Interest continues to accrue on this amount from and after June 7, 2002 at the per diem rate of $684.93.  The instrument attached as Exhibit "B" to the Complaint in Confession of Judgment authorizes collection of reasonable attorneys' fees from the Defendant.

5.      The allegations contained in the Complaint in Confession of Judgment are true and correct to the best of my knowledge, information and belief.

PHIL1: 460902-1

_____
Howard E. Lubert
Vice President of Lubert-Adler Group III, LLC
trading as Lubert-Adler Group III, L.P. trading as
Lubert-Adler Real Estate Fund III, L.P. and Lubert-
Adler Group III, LLC trading as Lubert-Adler
Group III, L.P. trading as Lubert-Adler Real Estate
Parallel Fund III, L.P.

SWORN TO and SUBSCRIBED
before me this _____ day
of_____, 2002.


_____
    NOTARY PUBLIC

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

—————————————————————

| | | |
|---|---|---|
| LUBERT-ADLER GROUP III, LLC | : | |
| TRADING AS LUBERT-ADLER GROUP | : | CIVIL ACTION |
| III, L.P. TRADING AS LUBERT-ADLER | : | |
| REAL ESTATE FUND III, L.P. and | : | NO. |
| LUBERT-ADLER GROUP III, LLC | : | |
| TRADING AS LUBERT-ADLER GROUP | : | |
| III, L.P. TRADING AS LUBERT-ADLER | : | |
| REAL ESTATE PARALLEL FUND III, | : | |
| L.P., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NEW CASTLE HOTELS LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

—————————————————————

## AFFIDAVIT OF ADDRESSES AND NON-MILITARY SERVICE

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| | : SS. |
| COUNTY OF CHESTER | : |

Howard E. Lubert, of full age, being first duly sworn upon his oath according to law, deposes and says:

1.    I am the Vice President of Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Fund III, L.P. and Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Parallel Fund III, L.P., the plaintiffs herein, and I am authorized to make this affidavit on their behalf.

2.    Plaintiffs' address is 435 Devon Park Drive, Building 500, Wayne Pennsylvania 19087.

3.       The last known address of Defendant, New Castle Hotels LLC, is Two Corporate

Drive, Shelton, Connecticut 06484-4636.

4.       Defendant is a corporation and is therefore not eligible to serve in the military or

naval service of the United States or any State or Territory thereof, or of its allies, as set forth in

the Soldiers and Sailors Civil Relief Act of 1943, as amended.


_____

Howard E. Lubert
Vice President of Lubert-Adler Group III, LLC
trading as Lubert-Adler Group III, L.P. trading as
Lubert-Adler Real Estate Fund III, L.P. and Lubert-
Adler Group III, LLC trading as Lubert-Adler
Group III, L.P. trading as Lubert-Adler Real Estate
Parallel Fund III, L.P.


SWORN TO and SUBSCRIBED
before me this ____ day
of_____, 2002.


_____
    NOTARY PUBLIC


2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

LUBERT-ADLER GROUP III, LLC          :
TRADING AS LUBERT-ADLER GROUP  :     CIVIL ACTION
III, L.P. TRADING AS LUBERT-ADLER   :
REAL ESTATE FUND III, L.P. and       :     NO.
LUBERT-ADLER GROUP III, LLC          :
TRADING AS LUBERT-ADLER GROUP  :
III, L.P. TRADING AS LUBERT-ADLER   :
REAL ESTATE PARALLEL FUND III,       :
L.P.,                                :
                                     :
                Plaintiffs,          :
                                     :
        v.                           :
                                     :
NEW CASTLE HOTELS LLC,               :
                                     :
                Defendant.           :
                                     :
_____

**AFFIDAVIT OF CREDITOR**

COMMONWEALTH OF PENNSYLVANIA            :
                                        :  SS.
COUNTY OF CHESTER                       :

        Howard E. Lubert, of full age, being first duly sworn upon his oath according to law,

deposes and says:

        1.      I am Vice President of Lubert-Adler Group III, LLC trading as Lubert-Adler

Group III, L.P. trading as Lubert-Adler Real Estate Fund III, L.P. and Lubert-Adler Group III,

LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Parallel Fund

III, L.P., the plaintiffs herein, and I am authorized to make this affidavit on their behalf.

2.     This is not an action by a seller, holder or assignee arising out of a retail installment sale, contract or account.

_____
Howard E. Lubert
Vice President of Lubert-Adler Group III, LLC
trading as Lubert-Adler Group III, L.P. trading as
Lubert-Adler Real Estate Fund III, L.P. and Lubert-
Adler Group III, LLC trading as Lubert-Adler
Group III, L.P. trading as Lubert-Adler Real Estate
Parallel Fund III, L.P.

SWORN TO and SUBSCRIBED
before me this _____ day
of_____, 2002.


_____
     NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| LUBERT-ADLER GROUP III, LLC | : | |
| TRADING AS LUBERT-ADLER GROUP | : | CIVIL ACTION |
| III, L.P. TRADING AS LUBERT-ADLER | : | |
| REAL ESTATE FUND III, L.P. and | : | NO. |
| LUBERT-ADLER GROUP III, LLC | : | |
| TRADING AS LUBERT-ADLER GROUP | : | |
| III, L.P. TRADING AS LUBERT-ADLER | : | |
| REAL ESTATE PARALLEL FUND III, | : | |
| L.P., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NEW CASTLE HOTELS LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

_____

**AFFIDAVIT OF BUSINESS TRANSACTION**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | SS. |
| COUNTY OF CHESTER | : | |

Howard E. Lubert, of full age, being first duly sworn upon his oath according to law, deposes and says:

1.      I am the Vice President Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Fund III, L.P. and Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Parallel Fund III, L.P., the plaintiffs herein, and I am authorized to make this affidavit on their behalf.

2.      The transaction represented by the instruments attached to the Complaint in

Confession of Judgment filed in this matter was a business transaction and was not entered into

for personal, family or household purposes.

_____

Howard E. Lubert
Vice President of Lubert-Adler Group III, LLC
trading as Lubert-Adler Group III, L.P. trading as
Lubert-Adler Real Estate Fund III, L.P. and Lubert-
Adler Group III, LLC trading as Lubert-Adler
Group III, L.P. trading as Lubert-Adler Real Estate
Parallel Fund III, L.P.

SWORN TO and SUBSCRIBED
before me this _____ day
of_____, 2002.


_____
     NOTARY PUBLIC

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

LUBERT-ADLER GROUP III, LLC   :
TRADING AS LUBERT-ADLER GROUP  :   CIVIL ACTION
III, L.P. TRADING AS LUBERT-ADLER  :
REAL ESTATE FUND III, L.P. and  :   NO.
LUBERT-ADLER GROUP III, LLC   :
TRADING AS LUBERT-ADLER GROUP  :
III, L.P. TRADING AS LUBERT-ADLER  :
REAL ESTATE PARALLEL FUND III,  :
L.P.,                        :
                           :
       Plaintiffs,        :
                           :
      v.                 :
                           :
NEW CASTLE HOTELS LLC,      :
                           :
       Defendant.      :
                           :

_____

## **ENTRY OF APPEARANCE TO CONFESS JUDGMENT**

TO:   CLERK OF THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to the authority contained in the Warrant of Attorney set forth in the instrument attached as exhibit "B" to the Complaint in Confession of Judgment (the "Complaint") filed in this action, I appear for the defendant, New Castle Hotels LLC, and confess judgment in favor of plaintiff, Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Fund III, L.P. and Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Parallel Fund III, L.P. and against the aforesaid defendant, in the amount of $2,831,506.85, plus interest from and after June

7, 2002 at the per diem rate of $684.93, plus attorneys' fees in an amount to be fixed upon application to the Court.

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

Dated:                          BY:_____
                                    Jeffrey D. Kurtzman, Esquire
                                    Pina S. Wertzberger, Esquire
                                    260 S. Broad Street
                                    Philadelphia, PA  19102
                                    (215) 568-6060

                                    Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| LUBERT-ADLER GROUP III, LLC | : | |
| TRADING AS LUBERT-ADLER GROUP | : | CIVIL ACTION |
| III, L.P. TRADING AS LUBERT-ADLER | : | |
| REAL ESTATE FUND III, L.P. and | : | NO. |
| LUBERT-ADLER GROUP III, LLC | : | |
| TRADING AS LUBERT-ADLER GROUP | : | |
| III, L.P. TRADING AS LUBERT-ADLER | : | |
| REAL ESTATE PARALLEL FUND III, | : | |
| L.P., | : | |
| | : | |
|       Plaintiffs, | : | |
| | : | |
|   v. | : | |
| | : | |
| NEW CASTLE HOTELS LLC, | : | |
| | : | |
|       Defendant. | : | |
| | : | |

_____

## **PRAECIPE FOR ENTRY OF JUDGMENT BY CONFESSION**

TO:    CLERK OF THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

      Kindly enter judgment by confession in the above-entitled action and assess damages in favor of plaintiff, Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Fund III, L.P. and Lubert-Adler Group III, LLC trading as Lubert-Adler Group III, L.P. trading as Lubert-Adler Real Estate Parallel Fund III, L.P., and against the defendant, New Castle Hotels LLC, jointly and severally, in the amount of $2,831,506.85, plus interest from and after June 7, 2002, at the per diem rate of $683.93, together with attorney's fees in an amount to be fixed upon application to the Court.

                    KLEHR, HARRISON, HARVEY,
                    BRANZBURG & ELLERS LLP

Dated:            BY:_____
                    Jeffrey D. Kurtzman, Esquire
                    Pina S. Wertzberger, Esquire
                    260 S. Broad Street
                    Philadelphia, PA  19102
                    (215) 568-6060

                    Attorneys for Plaintiffs